ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2013 JAN 24 PM 12: 33

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARTHA SCOTT MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-008 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Martha Scott Mobley ("Plaintiff") appeals the decision of the Commissioner of Social

Security ("Commissioner") denying her applications for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon

consideration of the briefs submitted by both parties, the record evidence, and the relevant

statutory and case law, the Court **REPORTS** and **RECOMMENDS** that the

Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that

a final judgment be **ENTERED** in favor of the Commissioner.

I.    **BACKGROUND**

Plaintiff applied for DIB and SSI on August 19, 2008, alleging a disability onset date

of March 12, 2008. Tr. ("R"), pp. 117-27. The Social Security Administration denied

Plaintiff's applications initially, R. 61-64, 65-68, and on reconsideration, R. 70-72, 73-75.

Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), R. 76-77,

and the ALJ held a hearing on January 14, 2010, R. 27-55. Plaintiff, who was represented by counsel, testified on her own behalf at the hearing; the ALJ also heard testimony from a Vocational Expert ("VE"). R. 29-48, 48-54, 54-55. On March 15, 2010, the ALJ issued an unfavorable decision. R. 12-26.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1.  The claimant has not engaged in substantial gainful activity since March 12, 2008, the alleged onset date of disability (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

2.  The claimant has the following severe impairments: disorders of the gastrointestinal system, status-post reconstructive bowel surgery (20 C.F.R. §§ 404.1571 *et seq.* & 416.971 *et seq.*).

3.  The claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1525, 404.1526, 416.925 & 416.926).

4.  The claimant has the residual functional capacity ("RFC") to perform a full range of light work.[1] Based on this RFC assessment, the claimant is capable of performing past relevant work as a pre-school teacher (20 C.F.R. §§ 404.1565 & 416.965).

---

[1]"Light work" is defined as work that involves:

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

R. 17-22.

Because the ALJ determined that Plaintiff could perform her past relevant work, the sequential evaluation process stopped, and the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from March 12, 2008 through March 15, 2010 (the date of the decision). R. 22. When the Appeals Council denied Plaintiff's request for review, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ failed to afford proper weight to the opinions of Plaintiff's treating physician, and (2) the ALJ failed to properly consider Plaintiff's subjective complaints. (See doc. no. 13 (hereinafter "Pl.'s Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits is supported by substantial evidence and should be affirmed. (See doc. no. 17 (hereinafter "Comm'r's Br.").)

## II.    STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the

Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

4

## III.  DISCUSSION

### A.  The ALJ Afforded Proper Weight to the Opinions of Plaintiff's Treating Physician

Plaintiff first contends that the ALJ failed to afford proper weight to the opinions of a treating physician, Gregory Gibson, M.D., Plaintiff's gastroenterologist. Pl.'s Br., pp. 13-14. The Commissioner, on the other hand, contends that the ALJ afforded the proper weight to Dr. Gibson's opinions. Comm'r's Br., pp. 13-15. The Court finds that the Commissioner has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight. Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

That having been said, the Commissioner is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). Finally, under Social Security Ruling ("SSR") 96-5p, the determination of an individual's RFC is an issue reserved to the Commissioner, and treating source opinions on issues reserved to the

5

Commissioner are never entitled to controlling weight or special significance. SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996); 20 C.F.R. §§ 404.1527(d), 416.927(d).

Here, Dr. Gibson completed both a "Physical Capacities Evaluation" ("PCE") and "Mental Capacities Evaluation" ("MCE") on January 8, 2010.[2] In the PCE, Dr. Gibson opined that, because of chronic diarrhea and abdominal pain, Plaintiff was significantly limited in her ability to stand or sit for extended periods, and he also stated that her medication, Welchol, interfered with her ability to work.[3] R. 243-47. Dr. Gibson also opined in the MCE that Plaintiff could not perform work at a consistent pace without an unreasonable number and length of rest periods because of chronic diarrhea. R. 250-51. Thus, Plaintiff contends that Dr. Gibson's opinions in the PCE and MCE, if credited, would show that Plaintiff was unable to perform any substantial gainful activity. Pl.'s Br., p. 14.

The ALJ reviewed Dr. Gibson's treatment notes, however, and concluded that none of them corroborated the opinions offered in the PCE or MCE. R. 20-22. With respect to chronic diarrhea, the span of Dr. Gibson's treatment of Plaintiff reflected that the condition improved and responded to the medication Welchol, including reducing her bowel

---

[2]Of note, Plaintiff was referred to Dr. Gibson by William S. Bergen, M.D., on June 4, 2008, R. 269, and the record contains notes of Plaintiff's visits with Dr. Gibson from July 21, 2008 through January 7, 2010, R. 218-24, 253-65. At her first visit with Dr. Gibson, he noted that Plaintiff had been referred because she had surgery in March of 2008 where part of her small intestine was removed, and she had reported diarrhea and weight loss since the surgery. R. 219-20.

[3]Specifically, Dr. Gibson stated that Plaintiff had the following limitations: she could only stand for one hour per day; she could only sit for one hour per day; she could only stand daily at work on a regular and sustained basis at any one set period without moving about for 30 minutes; she could only sit daily at work on a regular and sustained basis at any one set time period without moving about for one hour; she could only lift and/or carry ten pounds occasionally daily at work on a regular and sustained basis. R. 243-47.

movements to three per day as of December 29, 2008. R. 21 (citing R. 221, 253, 255).

Moreover, at Plaintiff's last visit in the record, on January 7, 2010, Dr. Gibson noted that

Plaintiff had gained three pounds, continued to report her diarrhea was responding to

Welchol, and appeared "well developed" and "well nourished." Id. (citing R. 263).

As for Dr. Gibson's opinion that Plaintiff was limited by abdominal pain, the ALJ

observed that Plaintiff consistently denied to Dr. Gibson that she was suffering from any

abdominal pain. R. 20 (citing R. 219, 221, 253, 255). While Plaintiff did report abdominal

pain to a Nurse Practitioner, Jennifer Stemberger, in June and September of 2009, the ALJ

noted that Plaintiff only complained that the pain was "mild." R. 21 (citing R. 257, 260).

Finally, while Dr. Gibson stated that Welchol interfered with Plaintiff's ability to work, the

ALJ found that his treatment notes did not indicate that Plaintiff ever complained of any side

effects from the medication.[4] R. 21.

In short, Dr. Gibson's opinions that Plaintiff was limited by her diarrhea, abdominal

pain, or medication to the extent he stated she was were entirely contradicted by his treatment

notes. Accordingly, the ALJ articulated good cause for discounting Dr. Gibson's opinions,

as they were inconsistent with his own medical records.[5] See Lewis, 125 F.3d at 1440.

_____

[4]Indeed, the ALJ further discredited Dr. Gibson's opinions because Plaintiff actually reported in her disability application that she suffered no side effects from Welchol, and Dr. Gibson went on to state in the MCE, completed on the same day as the PCE, that Plaintiff did not take any medications that interfered with her ability to work. R. 21 (citing R. 165, 250).

[5]Plaintiff contends that the ALJ improperly discredited the opinion in the MCE because Dr. Gibson "is not a psychiatrist or psychologist." Pl.'s Br., p. 14 (citing R. 22). As discussed supra, however, the ALJ did not discredit the opinion solely on this basis, but also because the opinion was "inconsistent with and not corroborated by [Dr. Gibson's] treatment notes." R. 22. Thus, Plaintiff's contention is without merit.

7

**B.     The ALJ Properly Considered Plaintiff's Subjective Complaints**

Plaintiff also contends that the ALJ "failed to make a proper credibility determination regarding the number of [Plaintiff's] bathroom visits," and that the ALJ generally erred in finding Plaintiff's testimony was not credible. Pl.'s Br., p. 13. The Commissioner responds that the ALJ made a proper credibility determination and articulated adequate reasons for discrediting Plaintiff's testimony. Comm'r's Br., pp. 7-10. The Commissioner again has the better argument.

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints. Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). Under the Eleventh Circuit's standard, Plaintiff must show: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction. Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (*per curiam*).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985). Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial

8

evidence. <u>Fortenberry v. Harris</u>, 612 F.2d 947, 950 (5th Cir. 1980) (*per curiam*).[6] As the

Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court. The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered her medical condition as a whole.

<u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (*per curiam*) (internal quotation

marks and citations omitted).

Here, the ALJ's written decision clearly reflects the <u>Holt</u> analysis was appropriately

followed when reaching the conclusion that Plaintiff's subjective complaints were not

credible to the degree alleged. R. 19-20. The ALJ addressed each prong of the <u>Holt</u> analysis

as described above, and substantial evidence in the record supports his findings.

First, the ALJ acknowledged that there was evidence of underlying medical

conditions constituting severe impairments: disorders of the gastrointestinal system, status-

post reconstructive bowel surgery. R. 17, 19. Having addressed the first prong of <u>Holt</u>, the

ALJ went on to evaluate Plaintiff's allegations of the severity of her symptoms stemming

from that impairment. The ALJ reviewed the medical evidence of record, and found that

Plaintiff's medically determinable impairments could reasonably be expected to cause the

alleged symptoms, but Plaintiff's statements concerning the intensity, persistence, and

limiting effects of these symptoms were not credible to the extent they were inconsistent with

---

[6]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the residual functional capacity assessment. R. 19-20.

The ALJ began by noting that Plaintiff alleged she was disabled because she had to use the bathroom 10-20 times per day and had low energy and weakness from using the bathroom so frequently. R. 19. As with Dr. Gibson's opinions that Plaintiff was limited by her chronic diarrhea, see supra Part III. A., however, the ALJ found that Plaintiff's allegations were completely unsupported by the medical evidence of record. R. 19-20. Specifically, the ALJ observed that, at her December 29, 2008 visit with Dr. Gibson, Plaintiff reported that she was only having three bowel movements per day, and on January 7, 2010, at her last visit with Dr. Gibson in the record, Plaintiff reported that her diarrhea was still responding to the medication Welchol and that she had gained three pounds. Id. (citing R. 255, 263). In short, Plaintiff nowhere complained in the medical record that she had to use the restroom close to ten times per day, and, in any event, the medical evidence reflected that her medication was effective in reducing her diarrhea. Accordingly, the ALJ properly discredited Plaintiff's testimony about the frequency of her bathroom visits, as well as the accompanying low energy and weakness, because it entirely lacked support in the medical evidence of record.[7]

---

[7]Plaintiff insists that the ALJ's credibility determination was improper because he mistakenly summarized Plaintiff's testimony as her having to use the restroom "10-20" times per day, when she in fact only testified that she had to do so "10 or 12" times per day. Pl.'s Br., pp. 12-13 (citing R. 19, 40). As the Commissioner persuasively contends, however, the ALJ mistakenly identifying the "upper limit of [Plaintiff's] daily bathroom visits" clearly had no effect on his credibility determination. Comm'r's Br., p. 10. Rather, the ALJ discredited Plaintiff because the medical evidence failed to show that she had to go to the bathroom close to as many as *ten* times per day, not because the evidence did not show that she had to go the bathroom twenty times per day. The ALJ's error was thus plainly harmless. See Diorio v. Heckler, 721 F.2d 726, 728 (11th Cir. 1983).

The ALJ also discredited Plaintiff's allegations about the frequency of her bathroom visits based on her daily activities and inconsistencies in her testimony. Under Eleventh Circuit law, "participation in everyday activities of short duration, such as housework or fishing," does not disqualify a claimant from disability. Lewis v. Callahan, 125 F.3d 1436, 1441 (11th Cir. 1997). However, while an ALJ may not cite minimal daily activities as a pretext for disregarding evidence contrary to his decision, see id. at 1441, a claimant's daily activities are properly considered by the ALJ in assessing the claimant's credibility. See, e.g., Moore v. Barnhart, 405 F.3d 1208, 1212-13 (11th Cir. 2005). Plaintiff testified that she cooked and cleaned sometimes, mopped and used the vacuum when she was able, shopped with her sister's help, did laundry, ate out occasionally, and attended church once per week. R. 41, 43-44. The ALJ properly considered this "multitude of activities" in reaching his conclusion that Plaintiff was "not as limited as alleged." R. 20.

Moreover, Plaintiff testified that she got married in May of 2009. R. 42. Noting this, the ALJ concluded that Plaintiff's social activities appeared to be "underreported" and that he thus found her testimony of not undertaking other social activities because of the frequency of her bathroom visits "contradictory and unpersuasive." R. 20. This determination is supported by substantial evidence.

Finally, the ALJ considered Plaintiff's testimony that her stomach pain was disabling. As he did when discrediting Dr. Gibson's opinions to the same effect, see supra Part III.A., the ALJ found that the medical record was simply devoid of any evidence showing that Plaintiff suffered disabling stomach pain. Rather, Plaintiff consistently denied suffering any abdominal pain to Dr. Gibson from July of 2008 through her last visit in the record on

11

January 7, 2010, and only complained of "mild" abdominal pain on two occasions to Nurse Stemberger in 2009. R. 20 (citing R. 219, 221, 253, 255, 257, 260). Thus, substantial evidence supports the ALJ's finding that Plaintiff appeared to be "exaggerating the severity of her pain." Id.

Therefore, in satisfying the requirements of Holt, the ALJ clearly explained his reasons for discounting Plaintiff's credibility. Here, the ALJ's credibility determination was based on the record as a whole, and he properly articulated the basis for his determination in his written decision. The ALJ reviewed Plaintiff's medical records and properly considered Plaintiff's own testimony regarding her symptoms and activities under the Holt standard. Taken in total, it is apparent that the ALJ rejected Plaintiff's subjective complaints concerning her alleged limitations after thoroughly evaluating the evidence in the record. Clearly articulated credibility findings such as these, which are supported by substantial evidence, will not be disturbed by a reviewing court. Foote, 67 F.3d at 1562. Accordingly, this issue provides no basis for remand.[8]

---

[8]Though not enumerated as a separate argument, Plaintiff also appears to contend that the ALJ erred by failing to credit the VE's testimony that "a person who requires [] four additional fifteen minute breaks per day cannot perform any substantial gainful activity." Pl.'s Br., p. 14 (citing R. 52). The ALJ noted this testimony, which was based on a hypothetical proffered by Plaintiff's counsel, see R. 52, and stated that he disregarded it because "the evidence does not prove that the claimant has these types of limitations." R. 22 n.1. As discussed in greater detail above, this finding by the ALJ is supported by substantial evidence, as the medical evidence of record did not show that Plaintiff required four 15-minute bathroom breaks during a standard workday, and indeed suggested otherwise, particularly her report that she only had three bowel movements per day on December 29, 2008, and her consistent reports that her diarrhea responded to the medication Welchol. Thus, the ALJ did not err by disregarding the VE's testimony. See Griffis v. Astrue, 619 F. Supp. 2d 1215, 1223 (M.D. Fla. 2008) ("Certainly the ALJ may disregard vocational testimony given in response to alternative hypotheticals which the ALJ ultimately determines do not accurately portray the claimant's RFC and vocational characteristics[;] however, the

12

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the

Commissioner's final decision be **AFFIRMED**, that this civil action be **CLOSED**, and that

a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this day of January, 2013, at Augusta,

Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

ALJ must properly discredit the facts underlying those alternate hypotheticals.").