FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB 20 PM 1:18
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARTHA SCOTT MOBLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-008 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 20). In the R&R, the Magistrate Judge concluded that the ALJ's finding that Plaintiff was not disabled at any time during the period from March 12, 2008, through March 15, 2010, was supported by substantial evidence, and in particular, that the ALJ afforded proper weight to the opinions of Plaintiff's treating physician and properly considered Plaintiff's subjective complaints. (See generally doc. no. 18.) The Magistrate Judge found that the ALJ articulated good cause for discrediting an item opinion of evidence by Plaintiff's gastroenterologist, Gregory Gibson, M.D., offered in a "Physical Capacities Evaluation" ("PCE") completed in January of 2010, in which he stated that Plaintiff was significantly limited in her ability to stand or sit for extended periods by chronic diarrhea and abdominal pain. (Id. at 5-7.) The Magistrate Judge so found because the ALJ observed that Dr. Gibson's opinion in the PCE was completely unsupported by his treatment notes, which showed that Plaintiff's diarrhea improved considerably with medication by December of

2008, and that she consistently denied that she was suffering from any abdominal pain, with the exception of two visits in June and September of 2009 where she reported only "mild" abdominal pain. (Id. at 6-7.) The Magistrate Judge also found that the ALJ properly discredited Plaintiff's subjective complaints about having to use the bathroom 10 or more times per day and being limited by abdominal pain, as they too were unsupported by the medical evidence of record, particularly the evidence discussed above. (Id. at 10, 11-12.)

Plaintiff now argues that the ALJ failed to afford proper weight to Dr. Gibson's opinion in the PCE and Plaintiff's subjective complaints because both were corroborated by Plaintiff's reports of abdominal pain and fatigue in September of 2009. (Doc. no. 20, pp. 1-2.) Plaintiff further contends that the ALJ should have approved Plaintiff for a closed period of benefits from March 12, 2008 through September of 2009, and then proceeded with an evaluation to determine whether medical improvement existed after September of 2009. (Id.)

Notably, Plaintiff raises this "closed period" argument for the first time in her objections, and did not first present this argument to the Magistrate Judge. Plaintiff did not make any argument about the ALJ erring in failing to consider Plaintiff for a "closed period" in her brief.[1] (See generally doc. no. 13.) As Plaintiff thus failed to present the argument in her objections to the Magistrate Judge, the Court need not consider it. See Williams v. McNeil, 557 F.3d 1287, 1291 (11th Cir. 2009) (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so).

---

[1] Nor did Plaintiff exercise her opportunity to file a reply brief to the Commissioner's brief. See Podger v. Gulfstream Aero. Corp., 212 F.R.D. 609, 609 (S.D. Ga. 2003) (Edenfield, J.) ("[P]arties may file as many reply briefs as they want." (citing Loc. R. 7.5 & 7.6)).

2

In any event, exercising its discretion to consider this new argument, the Court finds that Plaintiff's belated assignment of error to the ALJ lacks merit. "In a 'closed period' case, the decision maker determines that a new applicant for disability benefits was disabled for a finite period of time which started and stopped prior to the date of his decision."[2] Pickett v. Bowen, 833 F.2d 288, 289 n.1 (11th Cir. 1987). Accordingly, where the ALJ's finding that the claimant was not under a disability at any time during the period under consideration is supported by substantial evidence, the ALJ does not err in failing to consider the claimant's eligibility for a closed period of disability within that period. See Jones v. Comm'r of Soc. Sec., 181 F. App'x 767, 773 (11th Cir. 2006) (*per curiam*).

As the Magistrate Judge explained, the ALJ found that Plaintiff had reported as early as December 29, 2008, that her diarrhea had improved with medication and that she was only having three bowel movements per day. (See doc. no. 18, pp. 6-7.) The ALJ also found that Plaintiff consistently denied suffering from abdominal pain at all in her visits with Dr. Gibson beginning in July of 2008, and only reported "mild" pain in June and September of 2009. (See id. at 10, 11-12.) Thus, in discrediting Dr. Gibson's opinion in the PCE and Plaintiff's subjective complaints, the ALJ reviewed medical evidence from the entire period under consideration–including evidence from the "closed period" now urged by Plaintiff–to find that Plaintiff was not under a disability at *any time* during the period under consideration. As the Magistrate Judge properly concluded, the ALJ's decision that Plaintiff was not disabled at any time during the period under consideration is supported by

---

[2]If the decision-maker finds the claimant eligible for a closed period of benefits, then there must be a redetermination under the "medical improvement" standard after the closed period ends before benefits may be terminated. See 20 C.F.R. § 404.1594 (explaining the "medical improvement" standard); Pickett, 833 F.2d at 291-93 (holding that "'closed period' claimants are entitled to a redetermination under the 'medical improvement' standard").

3

substantial evidence. Plaintiff's contention that the ALJ erred by failing to consider Plaintiff for a closed period of benefits during that period is therefore baseless. See Jones, 181 F. App'x at 773.

Plaintiff's objections are thus without merit and are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, the Commissioner's final decision is **AFFIRMED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the Commissioner.

SO ORDERED this 10th day of February, 2013, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE